UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCHMITT, CDCR #BB-8941, <br><br>Plaintiff, <br><br>vs. <br><br>U.S. MARSHAL SERVICE; <br>AGENT WALKER, Fugitive Task Force, <br><br>Defendants. | Case No.: 3:17-CV-00817-JLS-KSC <br><br>**ORDER:** <br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 3]** <br><br>**AND** <br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

    Plaintiff Michael Schmitt, currently incarcerated at the California Institution for Men ("CIM") in Chino, California,[1] and proceeding pro se, has filed a civil action using a

---

[1] Plaintiff was incarcerated at North Kern State Prison in Delano, California, at the time he filed suit, (*see* ECF No. 1, at 1), but the return address on his latest filing lists a return

1

Standard Form 95 "Claim for Damage, Injury, or Death," pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80 (ECF No. 1). In this two-page document, Plaintiff claims the U.S. Marshal Service and a Fugitive Task Force agent named Walker caused $750 in property damage when they broke a door and forced entry into his home at 1425 14th Street in San Diego, California, while arresting him on November 2, 2016, based on a "County Probations Violations Warrant." (*Id.* at 1.)

Plaintiff did not prepay the civil filing fee when he filed suit, nor did he file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). Therefore, on August 1, 2017, the Court dismissed the case pursuant to 28 U.S.C. § 1914(a), but granted Plaintiff forty-five days leave in which to do either, (ECF No. 2). On September 1, 2017, he filed a Motion to Proceed IFP, (ECF No. 3).

## I. Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016), the Prison Litigation Reform Act ("PLRA") amended section 1915 to altogether preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

---

address at CIM. (*See* ECF No. 3 at 1). While Civil Local Rule 83.11.b requires parties proceeding pro se to "keep the court and opposing parties advised as to current address," the Court has sua sponte confirmed that Plaintiff has since been transferred to CIM and has directed the Clerk to amend the docket to reflect Plaintiff's current address in order to ensure he is served with this Order. *See* http://inmatelocator.cdcr.ca.gov/Results.aspx (last visited Nov. 1, 2017).

2

3:17-CV-00817-JLS-KSC

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

///

## II. Discussion

As an initial matter, the Court has carefully reviewed Plaintiff's pleading and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff is currently incarcerated at CIM, and he seeks money damages pursuant to the FTCA based on alleged property damage done to his home in San Diego during his arrest approximately one year ago on November 2, 2016. (ECF No. 1, at 1.)

While defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1119–20. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court takes judicial notice that Plaintiff, Michael Schmitt, currently identified as CDCR Inmate #BB-8941, and formerly identified as San Diego County Sheriff's Department Inmate Booking #14765015, CDCR Inmate #T-74599, and BOP Register Inmate #53627-198, has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

///

They are:

1) *Schmitt v. Costello, et al.*, Civil Case No. 3:04-cv-02582-H-WMc (S.D. Cal. May 23, 2005) (Order Dismissing First Amended Complaint "for failing to state a claim upon which relief may be granted and for seeking monetary relief against Defendants who are immune" pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A)), (ECF No. 6) (strike one);

2) *Schmitt v. Gore, et al.,* Civil Case No. 3:14-cv-02937-JLS-RBB (S.D. Cal. April 15, 2015) (Order granting IFP and Dismissing Complaint "for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1)"), (ECF No. 4) (strike two); and

3) *Schmitt v. Gore, et al.*, Civil Case No. 3:17-cv-00753-JAH-NLS (S.D. Cal. July 11, 2017) (Order Dismissing Civil Action for Failure to Pay Filing Fees, Failing to File Motion to Proceed IFP and "as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)"), (ECF No. 3) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time of filing, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Screening of Complaint pursuant to § 1915A

While the Court has determined Plaintiff is not entitled to proceed IFP in this action, and his case requires dismissal pursuant to 28 U.S.C. § 1914(a) alone, it further elects to conduct a sua sponte review of Plaintiff's Complaint because he was "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release,

or diversionary program" at the time he filed it. *See* 28 U.S.C. § 1915A(a), (c).

Section 1915A, also enacted as part of PLRA, requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint fails to state a claim upon which FTCA relief may be granted against either the "U.S. Marshal Service" or "Agent Walker." *See id.*; 28 U.S.C. § 1915A(b)(1). The FTCA, 28 U.S.C. §§ 1346(b) & 2671–2680, waives the sovereign immunity of the United States for certain torts committed by federal employees. *FDIC v. Meyer*, 510 U.S. 471, 476 (1994). The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b); *FDIC*, 510 U.S. at 476 n.4.

As such, the FTCA "provides the exclusive statutory remedy for torts committed by employees of the United States who act within the scope of their employment." *Salcedo-Albanez v. United States*, 149 F. Supp. 2d 1240, 1243 (S.D. Cal. 2001). Therefore, a suit under the FTCA must be filed solely against the United States. *See* 28 U.S.C. § 1346(b); *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The United States is the only proper defendant in an FTCA action."). The FTCA does *not* authorize tort claims against federal agencies in their own names, nor does it allow claims against individual government employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1); *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims

against the United States."); *Epstein v. United States*, No. 16-CV-2929-BAS (WVG), 2017 WL 4227054, at *2 (S.D. Cal. Sept. 21, 2017).

Accordingly, because Plaintiff's Complaint names only the U.S. Marshal Service and Agent Walker as Defendants, it is also subject to sua sponte dismissal because it fails to state a claim upon which FTCA relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); *Coleman*, 135 S. Ct. at 1764; *Nordstrom*, 762 F.3d at 907, n.1.

## IV. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP, (ECF No. 3), as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a), and for failing to state a claim upon which FTCA relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: November 20, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge